(99 App. Div. 38)

## WRIGHT v. ROBERTS.

(Supreme Court, Appellate Division, Third Department. November 16, 1904.)

1. TRIAL—INSTRUCTIONS.

In an action to recover for goods sold E., plaintiff alleged that, as a part of the consideration for a subsequent conveyance by E. to defendant of an interest in land, defendant agreed to pay this, with other debts. The court instructed that if defendant, as a condition of the transfer, agreed to pay these debts, it was a valid and binding agreement, but if, on the other hand, he did not (and defendant contends he did not agree to pay this claim, and has produced the witness who drew the deed;

who testified that there was no such agreement), and "if you find he did not agree to pay these debts, and that was not a part of the consideration, then your verdict should be for defendant." Defendant's counsel then asked an instruction that, "as to the question of fact whether defendant did agree to pay the debt, the burden of proof is on plaintiff." To this the court responded: "I do so charge, and, in view of this fact, the jury have the right to take into consideration the evidence of the witness who swore that he absolutely refused to pay the debts." *Held*, that it was error for the court to then refuse plaintiff's request to instruct that "if an agreement had been made whereby E. was to transfer the property and defendant pay the debts, and if, by reason of that agreement, the transfer was made, he is liable to pay the debts, though nothing was said about it at the particular time of the transfer."

Appeal from Trial Term, Delaware County.

Action for goods sold by John Wright against Thomas Roberts. From a judgment for defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

I. L. Brayman, for appellant.

T. Sanderson, for respondent.

SMITH, J. The action is brought to recover of the defendant for feed sold by the plaintiff to one Etta Roberts. At the time of the sale Etta Roberts was living upon the defendant's farm, apparently as his wife, although she was not in fact married to him. The defendant was working upon the railroad, and Etta Roberts was in charge of the farm, and had apparently sole charge thereof. In the complaint it was alleged that, in making the purchase, Etta Roberts acted as the agent of the defendant, and further that, in consideration of the transfer of certain property by the said Etta Roberts to this defendant, he covenanted and agreed to pay this account. Upon the trial, upon the part of the plaintiff, Etta Roberts swore she was acting jointly for herself and Thomas Roberts in conducting the farm and in making the purchases therefor. Thomas Roberts swore he was paying her so much per month for board, and that she was conducting the farm solely upon her own account, and as her own individual enterprise. There was a piece of land which during their relations was deeded to them as husband and wife. Afterwards they agreed to separate, and Etta Roberts conveyed to the defendant her interest in this land. Her evidence is to the effect that this conveyance was made upon defendant's promise to pay all debts. Defendant swears, however, that no such promise was made as a consideration of the transfer. There was corroborative evidence upon both sides. After the evidence was closed, the court charged that if the defendant had agreed, as a condition of the transfer, to pay these debts, it was a valid and binding agreement. The court further said:

"If, on the other hand, he did not (and the defendant contends he did not agree to pay this claim, and has produced the witness Patterson, who drew the deed, who testified that there was no such agreement on the occasion he drew the deed); if you find he did not agree to pay these debts and that was not a part of the consideration, then your verdict should be for the de-

fendant—no cause of action. It is not claimed that there was any such agreement embodied in the deed."

After certain requests were made and passed upon, Mr. Sanderson, the attorney for the respondent here, asked the court to charge that, as to the question of fact whether he did agree to pay, the burden of proof was upon the plaintiff. To that the court responded:

"I so charge, and in view of this fact they have the right to take into consideration the evidence of Patterson, who swore that he absolutely refused to pay the debts. The jury have heard the evidence, and they must determine it from the testimony."

Mr. Brayman, counsel for the appellant, then asked the court to charge "that if an agreement had been made whereby she was to transfer the property, and he pay the debts, and if by reason of that agreement that transfer was made, he is liable to pay the debts, though nothing was said at the particular time of the transfer about it." This the court refused to charge, except as charged, to which the plaintiff excepted.

In the opinion of the learned county judge, he justifies this refusal upon the ground that he had substantially charged what was the correct law governing the case in his main charge. While it is true he had, in a general way, charged that if such an agreement had been made, and the deed were executed and transfer made in pursuance thereof, the defendant was liable, it had not been charged that such was the rule of law, though nothing was said at the particular time of the transfer about it. That the proposition of law contained in the request is sound is not denied. The importance of such a charge to plaintiff is emphasized by the fact that the court had called special attention twice to the fact that the witness Patterson, who drew the deed, had said the defendant had refused at the time of the drawing of the deed to assume these debts. This, however, was denied by the witness Etta Roberts. The court had also called attention to the fact that the deed itself contained no such covenant. The witness Etta Roberts had sworn that the defendant had been after her all day to sign those papers, and finally said, if she would go down and sign the papers, he would pay the debts. We think the plaintiff was entitled to the specific charge asked for, to the effect that, if the transfer were made upon such agreement, it would bind the defendant, though the agreement were not specified at the time the writing was signed. For this error, we think this judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event. All concur.